**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1475**

MONTELIS PETERS,

            Plaintiff - Appellant,

       v.

CORPORAL ROB CAPLAN, Badge No. 122; CITY OF MOUNT RAINIER,

            Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.    George  J.  Hazel,  District  Judge.
(8:14-cv-00955-GJH)

Submitted:  November 30, 2016      Decided:  January 12, 2017

Before TRAXLER, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John  Christopher  Belcher,  Oxon  Hill,  Maryland,  for  Appellant.
John F. Breads, Jr., LOCAL GOVERNMENT INSURANCE TRUST, Hanover,
Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Montelis Peters sued the City of Mount Rainier, Maryland, and Corporal Rob Caplan under 42 U.S.C. § 1983 (2012) and the Maryland Declaration of Rights Articles 24 and 26. The complaint alleged that the City and Corporal Caplan falsely arrested Peters. The district court dismissed the case. Peters now appeals the district court's orders dismissing the § 1983 claim against the City and granting summary judgment to Corporal Caplan on the § 1983 and Maryland claims. Finding no error, we affirm.

First, we review de novo the district court's grant of summary judgment to Corporal Caplan. See Core Commc'ns, Inc. v. Verizon Md. LLC, 744 F.3d 310, 320 (4th Cir. 2014). A court may award summary judgment only when no genuine dispute of material fact remains and the record shows that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

Peters challenges the district court's grant of summary judgment to Corporal Caplan on three grounds, alleging that the court erred (1) by resolving disputed issues of material fact in Corporal Caplan's favor; (2) by ruling that Corporal Caplan had probable cause to arrest Peters; and (3) by holding that Corporal Caplan's statement of probable cause was not materially misleading.

We conclude that the district court did not improperly resolve disputed issues of material fact. Peters' arguments speculate about the meaning of evidence and fail to create a dispute of material fact that is genuine.

The district court also properly ruled that Corporal Caplan had probable cause to arrest Peters. The record supports the district court's finding that the police conducted an investigative stop, not an arrest, when they stopped Peters. See United States v. Elston, 479 F.3d 314, 319-20 (4th Cir. 2007) (requiring police to curtail suspect's freedom to degree of formal arrest to transform mere stop into an arrest). We agree with the district court that the officers properly conducted the stop, identifying a reasonable articulable suspicion that Peters had committed a crime. See Terry v. Ohio, 392 U.S. 1 (1968).

Second, we perceive no error in the district court's conclusion that Corporal Caplan's statement of probable cause was not materially false or misleading. See Miller v. Prince George's Cty., 475 F.3d 621, 628 (4th Cir. 2007). Thus, civil liability could not attach to Corporal Caplan, and the district court properly granted him summary judgment.

Finally, we turn to the dismissal of the § 1983 claim against the City. To state a § 1983 claim against a municipality, a plaintiff must allege that the municipality

deprived or caused an official to deprive the plaintiff of a constitutional right through an official policy or custom. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). As discussed above, Peters has failed to allege a deprivation of constitutional right, so his claim against the City must fail as well. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) (holding that municipal liability under § 1983 requires a finding of constitutional injury as a prerequisite).

Accordingly, we affirm the district court's rulings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4